MAGER, Judge
(specially concurring) :
Although I concur in the conclusion reached by the majority, it would be my view that this case presents a question of great public interest that should be certified to the Supreme Court.
In the proceedings below, the trial court dismissed the plaintiff’s complaint essentially on the ground that Florida case law prohibits a former spouse (plaintiff) from maintaining an action in tort against the other spouse (defendant) for a tort allegedly committed during marriage where such mariage has since been dissolved by divorce. In this appeal the plaintiff asserts that the common law doctrine of in-terspousal immunity should no longer remain the law of Florida.
When faced with precisely the same question, the Supreme Court of Florida in Bencomo, supra, announced that it was committed to the doctrine of interspousal immunity, i. e., one spouse cannot sue the other because under the common law they are one person. Recently, in Heaton, supra, this Court affirmed a trial court ruling dismissing a similar complaint on the basis of interspousal immunity with the recognition that the present status of the law in Florida is as reflected in the Supreme Court decision in Bencomo, supra, and Gaston v. Pittman, Fla. 1969, 224 So.2d 326.
Although it is clear and beyond dispute that Florida courts recognize and maintain the doctrine of interspousal immunity, it appears to me that the underlying rationale for the application of that doctrine has lost its vitality and the decision in Bencomo, supra, ought to be reexamined.
Since the Bencomo decision, significant and dramatic changes have occurred in the legislative as well as judicial recognition of the rights and status of women (married or single). In particular, the underlying rationale upon which Bencomo seems to be predicated, i. e., the common law concept that the husband and wife “are one person", was discarded in Gates, v. Foley, Fla.1971, 247 So.2d 40, 44, where the Supreme Court of Florida enunciated:
“So it is that the unity concept of marriage has in a large part given way to the partner concept whereby a married woman stands as an equal to her husband in the eyes of the law. By giving the wife a separate equal existence, the law created a new interest in the wife which should not be left unprotected by the courts. Medieval concepts zvhich have no justification in our present society should be rejected...."
In Gates, the Supreme Court, recognizing the right of the wife to seek damages for loss of consortium as a result of injuries of her husband, firmly stated:
“ . . . No recitation of. authority is needed to indicate that this Court has not been backward in overturning unsound precedent in the area of tort law. Legislative action could, of course, be taken, but we abdicate our own function, in a field peculiarly 'nonstatutory, when we refuse to reconsider an old and unsatisfactory court-made rule.”
*864 In the spirit of Gates v. Foley, supra, this court in Steinhauer v. Steinhauer, Fla.App.1971, 252 So.2d 825, 832, observed:
“ ‘ . . . If it is argued . . . that stare decisis compels us to perpetuate a rule — out of tune with the life around us, at variance with modern-day needs and with concepts of justice and fair dealing — a ready answer is at hand. The rule of stare decisis was intended not to effect a petrifying rigidity, but to assure the justice that flows from certainty and stability. If, instead, adherence to precedent offers not justice but unfairness, not certainty but doubt and confusion, it loses its right to survive and no principle constrains us to follow it.’ ”
See also Kennedy v. Kennedy, Fla.1974, 303 So.2d 629; cf. Yordon v. Savage, Fla.1973, 279 So.2d 844.
The basic arguments for the abolition of the interspousal immunity doctrine, in certain instances, is extremely persuasive. It would seem that the potential liability of either spouse after the marriage is dissolved for tortious acts committed during the marriage might have a salutary, if not actual, effect of minimizing physical abuses occurring during the existence of the marital relationship.
The trend reflected in recent decisions, particularly those after Bencomo, supra, and the magnitude of the issue are such as to demonstrate the existence of a question of great public interest that ought to be certified to the Supreme Court of Florida for further reexamination and reconsideration. The question that ought to be certified is as follows:
Whether or not a former spouse can maintain an action in tort against the other spouse for a tort allegedly committed during marriage where such marriage has since been dissolved by divorce, i. e., should the common law doctrine of interspousal immunity be abolished and discarded.